UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRANCE MCGAFFNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-01474-TWP-TAB |
| ) | |
| PATRICK R. DONAHOE Postmaster General, ) | |
| ) | |
| Defendant. ) | |

**ORDER FOLLOWING JULY 15, 2014, PRETRIAL CONFERENCE**

Plaintiff appeared in person and by counsel, and Defendant by counsel, on July 15, 2014, for a pretrial conference, at which time the Court heard argument on Plaintiff's motion for leave to amend. [Filing No. 18.] This motion seeks to clarify that Plaintiff is pursuing a retaliation claim under the Age Discrimination in Employment Act as well as a discrimination claim, and to assert claims for liquidated, compensatory, and punitive damages. Plaintiff also seeks a jury trial.[1] Defendant does not object to Plaintiff clarifying that he is asserting a retaliation claim, but does object on the ground that liquidated, compensatory, and punitive damages are not available against the Postmaster General. Similarly, Defendant contends Plaintiff is not entitled to a jury trial.

In support of his claim for such damages, Plaintiff primarily relies upon *Gomez-Perez v. Potter*, 553 U.S. 474 (2008). In *Gomez-Perez,* the Supreme Court held that federal employees

---

[1] Defendant contends in his response that Plaintiff's failure to assert a jury trial demand in the Case Management Plan constitutes a waiver of Plaintiff's jury trial demand. [Filing No. 19, at ECF p. 3-4.] The Court disagrees. Plaintiff requested a jury trial in his original complaint and in his amended complaint, and explained that the omission of this demand from the CMP was an oversight. [Filing No. 23, at ECF p. 1.] These facts do not support a finding of waiver.

may assert retaliation clams under the ADEA. However, this decision did not specifically address the remedies available to such employees. In opposing Plaintiff's remedies, Defendant cites to controlling case law that Plaintiff is not entitled to a jury trial against the federal government. *Lehman v. Nakshiam*, 453 U.S. 156, 160-62 (1981). Defendant also cites case law that compensatory damages are not available under the ADEA. *Barton v. Zimmer*, 662 F.3d 448, 454 (7th Cir. 2001) (no ADEA compensatory damages against a private entity); *Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990) (no compensatory damages are available against the federal government in ADEA cases). Thus, compensatory damages and a jury trial under the ADEA are precluded.

As for punitive damages, such damages ordinarily are not recoverable against the federal government, for such an award serves no intended deterrent purpose but instead merely punishes innocent taxpayers. *Baker v.* Runyon, 114 F.3d 668, 672 (7th Cir. 1997) (punitive damages not available against the Postal Service in Title VII cases). Nothing in the statutory language of the ADEA suggests a departure from this ordinary rule. However, 29 U.S.C. § 626(b) provides for liquidated damages against private employers in the case of willful violations. The question, then, is whether liquidated damages are available against the federal government. Neither party cites a case in which the Seventh Circuit Court of Appeals has addressed this precise issue. However, Defendant cites the Court to several cases in support of his argument that liquidated damages are not available in ADEA cases against the federal government. One such case is from a district court within the Seventh Circuit, *Wilkes v. U.S. Postal Serv.*, 548 F. Supp. 642, 642-43 (N.D. Ill. 1982), but that case contains relatively little analysis of the issue.

Defendant also cites to *Lewis v. Fed. Prison Ind., Inc.*, 953 F.2d 1277 (11th Cir. 1992), but the citation contains no pinpoint cite [Filing No. 19, at ECF p. 10], and a review of that case

reveals only a footnote mentioning the proposition for which the case is cited. *Id.* at 1285 n.12. The only other circuit court decision Defendant cites to is *Smith v. OPM*, 778 F.2d 258, 263 (5th Cir. 1985), which found an ADEA claim for liquidated damages for federal employees to be "frivolous." *Id.* However, as Defendant notes in his brief, various district courts outside the Seventh Circuit have likewise rejected federal employees' attempts to assert liquidated damages under the ADEA. *See Grandison v. U.S. Postal Serv.*, 696 F. Supp. 891, 896 (S.D.N.Y. 1988); *Harley v. Potter*, 2008 WL 2894385 at *1 (W.D. Okla. 2008); *Ayalla v. U.S. Postal Serv.*, 2002 WL 31499276 at *3 (D. Kan. 2002).

Plaintiff fails to cite to a single case in which liquidated damages have been permitted against the federal government in ADEA cases. Instead, Plaintiff argued at the July 15 conference that *Gomez-Perez v. Potter*, 553 U.S. 474 (2008), paved the way for such damages. The Court does not read *Gomez-Perez* to go that far. Rather, *Gomez-Perez* addressed only the fact that the ADEA permits retaliation claims. The case does not speak to the remedies available under that statute. Thus, guided by the case law set forth, the Court concludes that the ADEA does not permit liquidated damages against the federal government. Such a holding is consistent not only with the weight of authority but also with *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125 (1985), which held that the legislative history of the ADEA indicates that Congress intended liquidated damages to be punitive in nature.

For these reasons, Plaintiff's motion for leave to amend [Filing No. 18] is granted, and the proposed amended complaint attached to that motion shall be deemed filed as of the date of this

order. However, Plaintiff's demand for a jury trial and liquidated, compensatory and punitive damages is stricken.[2]

Dated: 7/17/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven Sams
STEVEN SAMS, P.C.
stevensamslaw@att.net

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

---

[2] To the extent that this order makes dispositive rulings on Plaintiff's claims, it shall be deemed to be a report and recommendation and any objections to this ruling shall be filed within fourteen days.